Wilson, P. J.
Plaintiff Stewart sought by this suit to recover the loss by the burning of a small stock of goods, fixtures, etc., owned by him, and which was covered by a policy of insurance issued by the defendant company. Trial was to a jury, which found in favor of plaintiff, and assessed his damages at $176.66. Judgment was rendered accordingly, after a motion for a new trial had been interposed and denied. A reversal is asked on the alleged ground that the verdict was against the weight of the evidence, on the plea of defendant that the fire was caused by the wilful act of plaintiff. This was a question of fact solely, and was submitted to the jury under clear and proper instructions. The evidence was to some extent conflicting, but there was ample to support the verdict, and under these circumstances this court is bound by the rule, well settled and repeatedly announced, that we are concluded by the verdict. The wisdom and importance of this rule are emphasized by this case. Both the members of the jury who rendered the verdict and the judge who denied the motion for new trial, had the benefit of seeing and hearing testify each of the witnesses, by which means only could one intelligently determine to whom to give credence. There is submitted to us only the written testimony, without the advantage of seeing *519 the witness in person, and his manner and conduct on the witness stand, which are always the most valuable guide and efficient aid in forming an opinion as to the truthfulness of a statement by a witness. A finding by this court reversing that of the jury and of the judge who had these superior advantages for determining the question, would be practically a finding fixing upon the plaintiff the stigma at least of the crime of arson, either as principal or accessory. Such a proceeding would be manifestly unreasonable and unjust. Besides, we are frank to say that after reading the evidence preserved in the abstract, the weight of the evidence decidedly favored the verdict of the jury. The matter chiefly relied upon to sustain the contention that the fire was caused by plaintiff himself, or by his direction, was not inconsistent with his entire innocence.
It is complained that “the result of the trial in the lower court was a compromise verdict.” Counsel content themselves simply with this suggestion, and do not point out anything in the record upon which such a conclusion could be based; nor are we told why there should be a reversal for this reason, even if it were true.
There were several other assignments of error, but they are not discussed in the briefs, and we do not therefore feel called upon to notice them. So far as we can see, there was no prejudicial error. The judgment was sustained by both the law and the evidence, and it will be affirmed. Affirmed.